IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

In Re:                                                      )
                                                            )
CHADWICK T. WARDEN,                                         )    Case No.  05-23750
                                                            )
           Debtor                                           )

## ORDER ON MOTION TO VACATE ORDER OF DISMISSAL

The matter before this Court is Debtor's motion to vacate this Court's order dismissing this Chapter 7 proceeding.  For all the reasons cited below, the Court denies the motion.

This case was filed on October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Act").  Accordingly, all the provisions of the Act including the requirement in § 109(h) for prepetition credit counseling are applicable to the case.  When filed, the petition was not accompanied by a certificate of completion of credit counseling, a certification of exigent circumstances or a motion for waiver of the credit counseling requirements.  Accordingly, this Court entered an order to show cause why the case should not be dismissed for failure to file the required documentation.  The order provided that the certificate (and other documents which the Debtor had failed to file) were due by November 3, 2005.

On November 1, the Debtor filed a document entitled Motion to Waive Credit Counseling Due to Exigent Circumstances.  In that document, the Debtor alleged that he (or his representative) had contacted the clerk's office and was advised that if his petition and other paperwork arrived in the office on or before October 17 that it would not be subject to the requirements of the Act, that he had called to confirm that the petition arrived in this Court on the 17th and assumed that no certificate of credit counseling was required.  The motion further alleges that after receipt of the Court's order to show cause, he contacted the Court again and was advised that if he had been told that a petition filed on October 17 was not subject to the Act, that advice was incorrect.  Finally, the

motion alleged that the Debtor would not be able to obtain the credit counseling and file the required certification by November 3. This Court denied the motion on the grounds it failed to comply with the requirements of § 109(h)(3)(A) in that it failed to describe exigent circumstances meriting a waiver of the credit counseling requirement and further failed to state that the Debtor had requested credit counseling services, but had been unable to obtain them within the five-day period from the date of the request. Because, as a result of this failure, the Debtor was not eligible to be a Debtor under Title 11, the Court entered an order dismissing the Chapter 7 proceeding. The Debtor has now filed both a certificate indicating that on November 8 he obtained the required credit counseling and a motion to vacate the order of dismissal on the grounds the Debtor has now filed all the necessary documentation.

Section 109(h), added to the Bankruptcy Code by the Act, requires that in order to be eligible under any chapter of Title 11 an individual debtor must, during the 180-day period *preceding* the date of the filing of the petition receive from an approved credit counseling agency a "briefing" which outlined the opportunities for credit counseling and assisted in performing a related budget analysis. § 109(h)(1). An exemption from the credit counseling requirement is provided for those debtors who live in districts in which the United States Trustee certifies that insufficient credit counseling services are available. § 109(h)(2). In addition, debtors who are incapacitated, disabled or in active military duty in a combat zone are not required to complete credit counseling as a condition for eligibility. § 109(h)(4). Neither of these exemptions applies to the Debtor in this case.

The only other exemption from the requirement that the Debtor obtain credit counseling *before* filing the petition is contained in the provisions of § 109(h)(3) which authorize the Court to "waive" the requirement and permit the debtor to file the required certificate within the 30-day period subsequent to the filing of the petition. The debtor can be eligible for a waiver under that

section, however, only if each of the following three requirements is met: (1) the certification describes exigent circumstances that merit a waiver; (2) it states that the debtor requested credit counseling services from an approved agency, but was unable to obtain the services during the five-day period beginning on the date on which the debtor made the request; and (3) the certification is satisfactory to the court. The requirements are stated in the conjunctive, meaning that each of the three requirements must be met. *In re Gee*, 2005 WL 2978962 at *1 (Bankr. W.D. Mo. 2005); *In re Watson*, 2005 WL 2990902 at *4 (Bankr. E.D. Va. 2005). The Debtor's previous motion for a waiver due to exigent circumstances was denied by this Court because it failed to meet any of the requirements of § 109(h)(3). Accordingly, the Debtor is only eligible to be a debtor under Title 11 if he received the required credit counseling prior to the filing of the petition. While the Debtor has submitted a certification indicating that he received credit counseling, according to the certificate, that counseling was received on November 8, 22 days after the petition was filed. Because the Debtor did not obtain the required credit counseling prior to the filing of the petition and does not qualify for a waiver due to exigent circumstances, he has not complied with the requirements of § 109(h) and is not eligible to be a debtor.

While this may seem a hard result, it is compelled by the clear language of the statute. The Court must apply the plain meaning of the statute absent some ambiguity. *Watson*, 2005 WL 2990902 at *4. The Court may depart from the plain meaning rule only if application of that interpretive rule produces a result that is absurd or clearly at odds with congressional intent. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989); *Watson*, 2005 WL 2990902 at *4. The statute is clear in that it unequivocally requires that the credit counseling be obtained prior to the filing of the petition. The only provision for

obtaining the required counseling after filing is the exigent circumstances exception applicable only on satisfaction of the three clearly stated requirements. The Court cannot say that the result – holding a debtor ineligible if the credit counseling is obtained after filing – is absurd or clearly at odds with congressional intent. The apparent congressional hope in enacting the credit counseling requirement is that focusing on a budget analysis with the help of a credit counseling professional might obviate the need for seeking bankruptcy relief for some debtors. That objective is not achieved by obtaining credit counseling after the case has been filed. Whether the credit counseling required by the statute will in fact achieve this result in any significant number of cases is unclear. Whether it is wise policy to require it as a condition of eligibility is not a matter for this Court to determine. *Watson*, 2005 WL 2990902 at *4 ("while the result of interpreting § 109(h)(3)(A) using the Plain Meaning Rule may produce an unpopular and perhaps even burdensome result, this court is not the forum in which to seek a remedy; the proper venue instead lies with Congress.")

This Debtor made no attempt to comply with the requirements of § 109(h) upon filing the petition, but was given an opportunity to document compliance as a result of the Court's order to show cause. In response, he filed a motion to waive the requirement of credit counseling on the ground of exigent circumstances which did not comply with the statute and which this Court could therefore not grant. Since the Debtor did not obtain credit counseling prior to the filing of the petition and did not comply with the only potentially applicable provision authorizing the Debtor to obtain that counseling postpetition, he is not eligible to be a debtor. The motion to vacate must therefore be denied.

Dated:     November 22, 2005            /s/ Dennis R. Dow
                                        THE HONORABLE DENNIS R. DOW
                                        UNITED STATES BANKRUPTCY JUDGE